USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7-22-08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

WILLIAM GORDON, :

               Petitioner, : 05 Civ. 2540 (WHP)(HBP)

  -against- : REPORT AND
                            RECOMMENDATION
RAYMOND CUNNINGHAM, :

               Respondent. :

-----------------------------------X

       PITMAN, United States Magistrate Judge:

       TO THE HONORABLE WILLIAM H. PAULEY, III, United States District Judge,

I. Introduction

       Petitioner seeks, by his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, an order vacating a judgment of conviction imposed on November 9, 1995, after a jury trial, by the Supreme Court of the State of New York, New York County (Wittner, J.), for attempted murder in the second degree, criminal possession of a weapon in the second degree, and two counts of assault in the second degree, in violation of New York Penal Law §§ 110.10/125.25(1), 265.03, and 120.05(1), respectively. By that judgment, petitioner was sentenced to concurrent terms of eight and one-third years to twenty-five years and two and one-third years to seven years on the attempted murder and assault

convictions, and a consecutive term of five years to fifteen years imprisonment on the weapon possession conviction. Petitioner is currently incarcerated pursuant to that judgment.

Respondent has moved to dismiss the petition on the ground that it is untimely. For the reasons set forth below, I respectfully recommend that respondent's motion be granted and that the petition be dismissed.

II. Facts

Because the pending motion is limited to the timeliness of the petition, I limit my statement of the facts to the matters relevant to that issue.

As noted above, the judgment of conviction against petitioner was entered on November 9, 1995. The Appellate Division of the Supreme Court, First Department, affirmed petitioner's conviction on January 16, 1997. People v. Gordon, 235 A.D.2d 274, 653 N.Y.S.2d 297 (1st Dep't 1997). The New York Court of Appeals denied leave to appeal on April 7, 1997. People v. Gordon, 89 N.Y.2d 1035, 681 N.E.2d 1313, 659 N.Y.S.2d 866 (1997). Petitioner did not seek review by the United States Supreme Court.

On November 18, 2002, petitioner filed a motion to vacate his conviction pursuant to N.Y. Crim. Proc. L. § 440.10. The Supreme Court of New York denied that motion on August 18,

2003 (Affirmation of Susan Gliner, dated May 16, 2007 ("Gliner Aff."), ¶ 7). The Appellate Division of the Supreme Court, First Department, denied leave to appeal on October 3, 2003 (Gliner Aff. at ¶ 8).

On October 29, 2004, petitioner filed his habeas corpus petition with this Court.[1] Petitioner raised two claims in that petition: (1) his trial counsel had been ineffective and (2) an unknown indictment number appeared on the decision denying petitioner leave to appeal from the decision denying his 440.10 motion.

III. Analysis

28 U.S.C. § 2244(d)(1), as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Public Law No. 104-132, provides a one-year statute of limitations for habeas corpus petitions.[2]

---

[1] The petition indicates that it was signed by petitioner on October 29, 2004 and that it was received by the Pro Se Clerk on November 3, 2004. Since a submission from an incarcerated inmate is deemed filed as soon as it is given to prison authorities for mailing, Houston v. Lack, 487 U.S. 266, 276 (1988); Noble v. Kelly, 246 F.3d 93, 97-98 (2d Cir. 2001), I deem the petition to have been filed on the date petitioner purportedly signed it which is necessarily the earliest date on which it could have been given to prison authorities for mailing.

[2] Section 2244(d)(1) provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in
> (continued...)

3

The AEDPA's limitations period ordinarily commences running when a conviction becomes final. 28 U.S.C. § 2244(d)(1)(A). A conviction becomes final upon the completion of both direct appellate review in state court and by the United States Supreme Court -- either when certiorari proceedings are completed or when the time for seeking direct review by the United States Supreme Court expires, i.e., ninety (90) days after the last decision by the highest state court on direct appeal. Williams v. Artuz, 237 F.3d 147, 150 (2d Cir. 2001), citing Ross v. Artuz, 150 F.3d 97, 98 (2d Cir. 1998); Rhodes v. Senkowski, 82 F. Supp.2d 160, 165 n.2 (S.D.N.Y. 2000); Carracedo v. Artuz, 51 F. Supp.2d 283, 284 (S.D.N.Y. 1999).

---

²(...continued)
   custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

   © the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The one-year limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2). The effect of the toll is to "exclude[] [the] time during which properly filed state relief applications are pending[; it] does not reset the date from which the one-year statute of limitations begins to run." Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir.); accord Felton v. Mazzuca, 98 Civ. 4567 (KMW)(RLE), 2002 WL 655207 at *2 (S.D.N.Y. Apr. 18, 2002).

In addition to the tolling provisions set forth in Section 2244(d), the one-year limitations period is also subject to the doctrine of equitable tolling. Valverde v. Stinson, 224 F.3d 129, 133 (2d Cir. 2000); Smith v. McGinnis, supra, 208 F.3d at 17. As explained by the Court of Appeals:

> "Equitable tolling allows courts to extend the statute of limitations beyond the time of expiration as necessary to avoid inequitable circumstances." Johnson v. Nyack Hosp., 86 F.3d 8, 12 (2d Cir. 1996). In Smith v. McGinnis, we said that in habeas cases, "[e]quitable tolling applies only in . . . 'rare and exceptional circumstance[s],'" 208 F.3d at 17 (first alteration in original, second alteration added) (quoting Turner v. Johnson, 177 F.3d 390, 391-92 (5th Cir.) (per curiam), cert. denied, 527 U.S. 1007, 120 S.Ct. 504, 145 L.Ed.2d 389 (1999)), and that a habeas petitioner seeking equitable tolling "must show that extraordinary circumstances prevented him from filing his petition on time," id. (citing Johnson v. Nyack Hosp., 86 F.3d at 12).

\* \* \*

> But assuming that these extraordinary circumstances occurred, preventing the petitioner from filing his petition for some length of time, we must still determine whether they "prevented him from filing his petition on time." Smith v. McGinnis, 208 F.3d at 17 (emphasis added). The word "prevent" requires the petitioner to demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances. . . . If the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing.

Valverde v. Stinson, supra, 224 F.3d at 133-34 (footnote omitted).

Because petitioner did not seek review by the United States Supreme Court, his conviction became final on July 7, 1997,[3] marking the conclusion of the ninety day period after the New York Court of Appeals denied petitioner's application for leave to appeal. McKinney v. Aruz, 326 F.3d 87, 96 (2d Cir. 2003); Pratt v. Greiner, 306 F.3d 1190, 1195 n.1 (2d Cir. 2002). Thus, the one-year limitations period for filing a petition for habeas corpus began to run on that date, and petitioner had until July 7, 1998 to file his petition. Petitioner filed his petition on October 29, 2004 -- over six years and three months late.

---

[3]The ninetieth day fell on a Sunday -- July 6, 1997. Therefore, the finality of the conviction was pushed back one day. Fed. R. Civ. P. 6(a).

6

Thus, unless subsection 2244(d)(1)(B), (C) or (D), subsection 2244(d)(2), or the doctrine of equitable tolling applies, the petition is time-barred.

Petitioner does not claim that any of the provisions of subsection 2244(d)(1)(B), (C) or (D) are applicable here and none appear to be applicable.

In addition, petitioner's November 18, 2002 motion in state court to vacate the judgment does not save the petition. Even though, under 28 U.S.C. § 2244(d)(2), a properly filed state court collateral attack will toll the one-year limitations period, it does not "reset" the one-year clock. Smith v. McGinnis, supra, 208 F.3d at 17. Since the one-year limitations period ended on July 7, 1998 -- over four years and four months before petitioner filed his collateral attack in state court -- that motion has no effect on the limitations period.

Finally, the doctrine of equitable tolling does not save the petition. Petitioner's first claim is ineffective assistance of trial counsel, which can, under some limited circumstances, give rise to an equitable toll. The Court of Appeals for the Second Circuit has recognized that an equitable toll may be appropriate where "an attorney's conduct is so outrageous and incompetent that it is truly extraordinary." Doe v. Menefee, 391 F.3d 147, 159 (2d Cir. 2004). However, petitioner's claim is that his trial counsel was ineffective for

failing to advise that the chance of success at trial was small and that petitioner might be given a longer sentence than the one offered in the plea bargain. Even if I assume that this claim is meritorious, it does not give rise to an equitable toll because there is no causal relationship between the trial counsel's conduct and the failure to timely file the petition. De Jesus v. Miller, 215 F. Supp. 2d 410, 412 (S.D.N.Y. 2002) ("[T]olling of the one-year limitations period is available when extraordinary circumstances prevent a prisoner from filing a timely habeas petition."); M.P. v. Perlman, 269 F. Supp.2d 36, 39 (E.D.N.Y. 2003). ("Equitable tolling is unwarranted . . . since counsel's alleged ineffectiveness did not interfere with petitioner's timely filing of a habeas application within the one-year period following the finality of his conviction.").

Furthermore, even if there was a causal relationship between the ineffective assistance alleged and the failure to file the petition in a timely manner, there would still be no basis for an equitable toll because petitioner has not shown that he acted with "reasonable diligence." Baldayaque v. United States, 338 F.3d 145, 153 (2d Cir. 2003). Here, the petitioner filed his habeas petition over six years and three months late without any explanation of why he did not file it sooner. As a result of petitioner's lethargy "the link of causation between the extraordinary circumstances and the failure to file is broke,

8

and the extraordinary circumstances therefore did not prevent timely filing." Valverde v. Stinson, supra, 224 F.3d at 134.

Since the petition here was filed over six years and three months after the latest potentially applicable limitations period expired, respondent's motion to dismiss the petition should be granted.

IV. Conclusion

Accordingly, for all the foregoing reasons, I respectfully recommend that respondent's motion to dismiss the petition be granted in all respects.

I further recommend that a certificate of appealability not be issued.

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Eltayib v. United States, 294 F.3d 397, 400 (2d Cir. 2002); Bethea v. Girdich, 293 F.3d 577, 577-78 (2d Cir. 2002). In this case, I conclude that reasonable jurists would not find debatable the conclusion that the petition is untimely and thus barred.

I further recommend that certification pursuant to 28 U.S.C. § 1915(a)(3) not be issued because any appeal from this Report and Recommendation, or any Order entered thereon, would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438 (1962).

V. Objections

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from the date of this Report and Recommendation to file written objections. See also Fed. R. Civ. P. 6(a) and 6(e). Such objections (and responses thereto) shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable William H. Pauley, III, United States District Judge, Room 2210, 500 Pearl Street, New York, New York 10007 and to the chambers of the undersigned, Room 750, 500 Pearl Street, New York, New York 10007. Any requests for an extension of time for filing objections must be directed to Judge Pauley. FAILURE TO OBJECT WITHIN TEN (10) DAYS **WILL** RESULT IN A WAIVER OF OBJECTIONS AND **WILL** PRECLUDE APPELLATE REVIEW. Thomas v. Arn, 474 U.S. 140 (1985); United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992); Wesolek v. Canadair Ltd., 838 F.2d 55, 57-59 (2d

Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237 & n.2 (2d Cir. 1983).

Dated: New York, New York
July 22, 2008

Respectfully submitted,

_____
HENRY PITMAN
United States Magistrate Judge

Copies Mailed to:

Mr. William Gordon
DIN # 95-A-0033
Woodbourne Correctional Facility
Riverside Drive
Woodbourne, New York 12788

Susan Gliner, Esq.
Assistant District Attorney
New York County
One Hogan Place
New York, New York 10013