UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

WILLIAM GORDON,                                :

               Petitioner,                 :       05 Civ. 2540 (WHP) (HBP)

        -against-                            :       MEMORANDUM AND ORDER

RAYMOND CUNNINGHAM,                :

               Respondent.            :

------------------------------------------------------X

WILLIAM H. PAULEY III, District Judge:

      William Gordon ("Gordon") brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In a Report and Recommendation dated July 22, 2008 (the "Report"), Magistrate Judge Henry Pitman recommended that this Court deny the petition. Gordon filed an objection to the Report. For the following reasons, this Court adopts Magistrate Judge Pitman's well-reasoned Report and denies the petition.

BACKGROUND

      On November 9, 1995, a jury in the Supreme Court, New York County convicted Gordon of attempted murder in the second degree, criminal possession of a weapon in the second degree, and two counts of assault in the second degree. (Report at 1.) On January 16, 1997, the Appellate Division, First Department, affirmed Gordon's conviction and, on April 7, 1997, the New York Court of Appeals denied leave to appeal. (Report at 2.) Gordon did not seek review by the United States Supreme Court. (Report at 2.) On November 18, 2002, Gordon filed a

motion to vacate his conviction. Gordon filed this habeas corpus petition on October 29, 2004. (Report at 3.)

## DISCUSSION

I. Standard of Review

The Court reviews the findings and recommendations of a magistrate judge and "may accept, reject, or modify [them], in whole or in part." 28 U.S.C. § 636(b)(1). The Court reviews de novo those parts of the Report to which objections are made, and reviews the remainder for clear error on the face of the record. 28 U.S.C. § 636(b)(1); Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985).

II. Statute of Limitations

A habeas petition must be filed one year after the conviction becomes final. 28 U.S.C. § 2224(d)(1)(A). A conviction is final upon completion of certiorari proceedings or, if petitioner did not seek certiorari, ninety days after the last decision by the highest state court on direct appeal. Williams v. Artuz, 237 F.3d 147, 150 (2d Cir. 2001); Rhodes v. Senkowski, 82 F. Supp. 2d 160, 165 n. 2 (S.D.N.Y. 2000). While a collateral proceeding "does not reset the date from which the one-year statute of limitations begins to run," the one-year period is tolled during a pending state post-conviction proceeding or other collateral review. Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000); see also 28 U.S.C. § 2244(d)(2).

A court may equitably toll the one-year statute of limitations "to avoid inequitable circumstances." Johnson v. Nyack Hosp., 86 F.3d 8, 12 (2d Cir. 1996). However, petitioner

"must show that extraordinary circumstances prevented him from filing his petition on time" and that he acted with "reasonable diligence." Smith, 208 F.3d at 17.

Because Gordon did not seek review by the United States Supreme Court, his conviction became final on July 7, 1997. Gordon filed this petition on October 29, 2004, over six years after his conviction became final. His state court collateral attack was filed over four years after the one year limitations period had run. Because Gordon fails to show extraordinary circumstances or that he acted with reasonable diligence, equitable tolling is not warranted. Accordingly, his petition is time-barred.

Because "jurists of reason would [not] find it debatable" that the petition was untimely, a certificate of appealability will not issue. See Slack v. McDaniel, 529 U.S. 473, 483 (2000). In addition, this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith

## CONCLUSION

This Court adopts the thorough and well-reasoned Report of Magistrate Judge Henry Pitman and denies Gordon's petition. The Clerk of the Court is directed to terminate all pending motions and mark this case as closed.

Dated:    December 2, 2008
          New York, New York

                                        SO ORDERED:

                                        _____
                                        WILLIAM H. PAULEY III
                                        U.S.D.J.

3

*Copies Mailed to*:

Mr. William Gordon
#95-A-0033
Woodbourne Correctional Facility
Riverside Drive
Woodbourne, NY 12788
*Petitioner Pro Se*

Susan Gilner, Esq.
Assistant District Attorney
New York County
One Hogan Place
New York, NY 10013
*Counsel for Respondent*